UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| ROBERT G. BACK, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:08-290-JMH |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| NESTLE USA, INC. | ) |
| | ) |
| Defendants. | ) |

** ** ** ** **

This matter is before the Court on Defendant Nestle USA, Inc.'s (hereinafter, "Nestle") motion to dismiss certain claims from Plaintiff's Complaint for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). [Record No. 8.] Plaintiff has filed a response [Record No. 10] and Defendant has replied. [Record No. 12.] Accordingly, this matter is ripe for decision, and, for the reasons stated below, Defendant's motion will be granted.

**I. BACKGROUND**

In his Complaint, Plaintiff Back avers that Nestle terminated his employment and discriminated against him on the basis of his age in violation of Kentucky and federal law. [Compl. ¶¶ 1-6.] Back avers a number of additional causes of action against Nestle, including (1) breach of contract [Compl. ¶ 7], (2) breach of the covenant of good faith and fair dealing [Compl. ¶ 8], (3) tortious interference with employment opportunities [Compl. ¶ 10], (4) negligence [Compl. ¶ 9], (5) intentional infliction of emotional

distress [Compl. ¶ 12], (6) outrage [Compl. ¶ 12], (7) gross negligence [Compl. ¶ 13], (8) defamation [Compl. ¶ 11], and (9) fraud [Compl. ¶ 13]. Nestle filed its motion to dismiss these claims and an Answer. Back neither voluntarily amended his Complaint prior to Nestle's responsive pleading nor has he since moved this Court for leave to amend pursuant to Fed. R. Civ. P. 15(a) and LR 7.1.

Nestle argues that Back has deficiently pled the above-mentioned claims and that some of Back's claims are preempted by the Kentucky Civil Rights Act (hereinafter, "KCRA"). Additionally, Nestle argues that no employment contract existed between Nestle and Back, and, consequently, Back's claims for breach of contract, breach of the covenant of good faith and fair dealing, and tortious interference should fail.

In his response, Back argues that a claim should only be dismissed if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim. *See Conley v. Gibson*, 355 U.S. 41 (1957). Alternatively, Back asks this Court to deny Nestle's motion to dismiss so that Back might amend his Complaint "if necessary." Back also contends that evidence at a later date may prove his claim for intentional infliction of emotional distress. Finally, Back argues that his Complaint "adequately apprises Defendant of the claim for defamation" by setting out the elements. [Pl.'s Resp. p. 3.] The Court is not so persuaded for

2

the reasons that follow.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir.1997). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed. *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 1974 (2007); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541-42 (6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network, Inc.*, No. 06-141-HRW, 2007 WL 2903231, *2 (E.D. Ky. Sept. 27, 2007).

## III. DISCUSSION

### A. Plaintiff's Claims

The Court shall consider each of the causes of action alleged in Plaintiff's Complaint in turn. First, Back claims he was discharged "in violation of [his] contract" with Nestle. Back does

3

not sufficiently aver the existence of an express employment contract that would alter Back's status as an at-will employee. Instead, Back avers that Nestle "failed to follow [its] established policies and procedures" regarding discharge. The Supreme Court of Kentucky has held that "[a]n express personnel policy can become a binding contract 'once it is accepted by the employee through his continuing to work when he is not required to do so.'" *Parts Depot, Inc. v. Beiswenger*, 170 S.W.3d 354, 362 (Ky. 2005) (citation omitted); *see Oaks v. 3M Co.*, 453 F.3d 781, 783 (6th Cir. 2006). An employer may eliminate this effect by using precatory language in its written policies and disclaiming any changes to an employee's employment status. *Nork v. Fetter Printing Co.*, 738 S.W.2d 824, 825-27 (Ky. Ct. App. 1987); *see McCart v. Brown-Forman Corp.*, 713 F. Supp. 981 (W.D. Ky. 1988) (recapping Kentucky's pre-*Parts Depot* at-will law).

In his Complaint, Back averred that he was employed by Nestle [Compl. ¶ 1], that Nestle had established personnel policies and procedures dealing with the discharge of "permanent" employees [Compl. ¶ 7], and that Nestle "failed to follow" those procedures in terminating Back [Compl. ¶ 7]. Nestle's Answer and motion to dismiss are devoid of any indication that its employment policies were precatory or that it disclaimed any change to an employee's employment status. Back's claim is at least plausible on its face under Kentucky law and shall not be dismissed.

Next, Back avers that Nestle breached the covenant of good faith and fair dealing by terminating him.  In every contract, there is an implied covenant of good faith and fair dealing. *Farmers Bank and Trust Co. of Georgetown, Ky. v. Willmott Hardwoods, Inc.*, 171 S.W.3d 4, 11 (Ky. 2005).  However, "[a]n implied covenant of good faith and fair dealing does not prevent a party from exercising its contractual rights." *Id.*  In the instant case, Back has sufficiently pled the existence of a contract with Nestle based on Nestle's policies and procedures.  Thus, this contract has an implied covenant of good faith and fair dealing. Back avers that he has the right to "continuation of employment," but, as his Complaint states, Nestle had the "contractual right" to terminate him for cause, subject to allegedly well-established procedural constraints. [Compl. ¶¶ 7, 8.]  Further, Back failed to aver any additional facts suggesting a breach of the covenant. Back's breach of the covenant of good faith and fair dealing claim shall be dismissed.

The Court has reviewed Back's Complaint and finds that Back has not pled fraud with sufficient particularity.  To sufficiently plead a claim of fraud with particularity under Fed. R. Civ. P. 9, a plaintiff must "allege the time, place, and content of the alleged misrepresentation," the fraudulent intent of the defendants and the resulting injury.  *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003) (citing *Coffey v.*

5

*Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)); *see also Scott v. Farmers State Bank,* 410 S.W.2d 717, 722 (Ky. 1966) (construing Kentucky CR 9.02) (plaintiff must "plead the time, the place, the substance of the false representations, the facts misrepresented, and the identification of what was obtained by the fraud."). Back's Complaint states only that "[t]he actions of Defendant as referenced [in the Complaint] are . . . fraudulent . . . ." [Compl. ¶ 13.] Back does not plead the time, place, or content of the alleged false representations made by Nestle. It follows that this claim shall be dismissed.

Finally, the remainder of Back's averred claims fail because Back offered bare legal conclusions or formulaic recitation of the elements of the particular cause of action. In deciding whether to grant a motion to dismiss, this Court "need not accept as true legal conclusions or unwarranted factual inferences." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 575 (6th Cir. 2008) (quoting *Murphy v. Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997)). A plaintiff is obligated to provide the grounds for her entitlement to relief beyond "labels and conclusions, and . . . formulaic recitation of the elements of a cause of action . . . . *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1964-65).

Back offers no facts that would allow his claims to survive Nestle's motion to dismiss. For his defamation and intentional

infliction of emotional distress claims, Back simply recites the elements of each cause of action. Back failed to offer any particular statements that might be defamatory in either his Complaint or his response to Nestle's motion to dismiss. Moreover, claims of intentional infliction of emotional distress or outrage are preempted by KCRA. *Wilson v. Lowe's Home Center*, 75 S.W.3d 229, 239 (Ky. Ct. App. 2001); *see* K.R.S. § 344.020(b); *Cornett v. Byrd*, No. 04-cv-261, 2006 WL 3462962, at *6 (E.D. Ky. Nov. 28, 2006); *Kroger Co. v. Buckley*, 113 S.W.3d 644, 647 (Ky. Ct. App. 2003). Back's remaining claims are insufficiently pled and shall be dismissed.

**B. Leave to Amend**

In his response to Defendant's motion to dismiss, Back asks the Court to allow him to "amend[] his Complaint if necessary." [Pl.'s Resp. at 1.] Fed. R. Civ. P. 15(a)(2) states that after a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." "[T]he usual practice is to grant plaintiffs leave to amend the complaint. Generally, leave to amend is 'freely given when justice so requires.'" *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002) (quoting Fed. R. Civ. P. 15(a)). However, the Supreme Court has instructed that leave to amend is properly denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

7

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Sixth Circuit has held that a bare request to amend a complaint in lieu of a properly filed motion is not proper under Rule 15(a). *PR Diamonds, Inc.*, 364 F.3d at 699. Failure to "file a motion to amend along with an accompanying brief, as required by the local rules governing practice before the district court," is sufficient grounds for not allowing a complaint to be amended. *Id.; see* LR 7.1. "Plaintiffs [are] not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Id.* (quoting *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000)).

Back's request that this Court deny Nestle's motion and allow him a chance to amend is denied. Back failed to follow the proper procedure for requesting leave to amend. He did not file a motion to amend along with an accompanying brief, as required by the local rules governing practice before this Court. Instead, he simply included the following request in his brief opposing the Nestle's motion to dismiss: "The Motion under Rule 12(b)(6) should be denied at this point to allow the Plaintiff an opportunity to avail himself of the remedies of the Court by amending his Complaint if necessary." [Pl.'s Resp.] Back has had a number of chances to amend

8

his Complaint or set forth additional facts for his claims to survive a motion to dismiss and allow the claims go forward. First, Back could have offered sufficient facts beyond legal conclusions and formulaic recitations in his Complaint. Alternatively, Back could have filed a proper Rule 15(a) motion for leave to amend his Complaint after Nestle filed its Answer, allowing Nestle the opportunity to fully brief its position and enabling this Court to make an informed decision regarding the request for leave to amend the Complaint. Back did not do so, however, and the Court declines his suggestion that he be afforded another chance, particularly in light of his failure to offer additional supporting facts in his response to Nestle's motion to dismiss.

## VI. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss shall be granted in part and denied in part.

Accordingly, **IT IS ORDERED**:

(1) That Defendant's motion to dismiss [Record No. 8] be, and the same hereby are, **GRANTED IN PART** and **DENIED IN PART**; and

(2) That Plaintiff's claims for breach of the covenant of good faith and fair dealing, tortious interference, negligence, intentional infliction of emotional distress, outrage, gross negligence, defamation, and fraud are **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Complaint.

This the 23rd day of September, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge