UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| ROBERT G. BACK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-290-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| NESTLÉ USA, INC. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This case is before the Court on Defendant Nestlé USA, Inc.'s ("Nestlé") motion for summary judgment [Record No. 20]. Plaintiff Robert Back ("Back") responded [Record No. 23], Nestlé replied [Record No. 25], and this motion is ripe for decision. For the foregoing reasons, Nestlé's motion for summary judgment will be granted.

**I.   BACKGROUND**

Back began work for Chef America in 1998 in a food processing plant which produced "Hot Pockets" in Mt. Sterling, Kentucky. Nestlé bought Chef America in 2003 and took over the Hot Pocket plant. Back worked for Nestlé until his termination in 2007.

Back and Nestlé adequately set forth the details of Back's job performance history in their memoranda. In the nine years that Chef America/Nestlé employed Back, he received both positive and negative feedback for his job performance. In 2006, Back's job performance reviews became increasingly negative.

Sometime in 2005, Back heard from a co-worker that a Tim Shelburne, a plant trainer, told the co-worker that Nestlé planned

to fire its oldest and highest paid employees.  Back contends that Shelburne was fired for divulging this plan, and that Shelburne's revealing the plan caused Nestlé to begin a series of unfounded documentation criticizing his job performance, in an effort to create a "legitimate" reason for terminating Back.

Nestlé claims that Back was terminated for continually falling short of performance goals, failing to meet expectations, and failing to properly supervise his subordinates.

**II.  STANDARD OF REVIEW**

Summary judgment is appropriate when "there is no issue as to any material fact, and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party may discharge its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The nonmoving party "cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997).  A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  In considering a motion for summary judgment, the Court must construe the facts in the light most favorable to the nonmoving party. *Id*.

2

at 255.

**III. DISCUSSION**

   **A.   Failure to Respond to Nestlé's Statement of Facts**

Back failed to comply with this Court's February 9, 2009 Order [Record No. 16] requiring a response to each of the numbered paragraphs in Nestlé's statement of undisputed material facts [Record No. 22]. Consistent with the Court's Order, the failure to respond "shall indicate that the asserted facts are not disputed for purposes of summary judgment." [Order 4, Record No. 16.] Thus, for purposes of this Memorandum Opinion and Order, the undersigned assumes each fact asserted in Nestlé's statement of facts is undisputed.

   **B.   Breach of Contract Claim**

Back failed to object to any of Nestlé's arguments in favor of summary judgment on his breach of contract claim. When a party fails to respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for the district court to assume opposition to the motion is waived, and grant the motion. *Humphrey v. U.S. Attorney General's Office,* 279 F. App'x 328, 331, 2008 WL 2080512, 3 (6th Cir. 2008); *See Resnick v. Patton,* 258 F. App'x 789, 790-91, n. 1 (6th Cir. 2007); *Scott v. State of Tennessee,* 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision)("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court

may deem the plaintiff to have waived opposition to the motion."). The undersigned concludes from Back's lack of response to this argument that Back does not oppose dismissal of his breach of contract claim. Accordingly, Nestlé's motion for summary judgment on this issue will be granted.

### 3. Back's age discrimination claim pursuant to KRS § 344.040(1)

KRS § 344.040(1) makes it an unlawful practice for an employer "to discharge any individual . . . with respect to compensation, terms, conditions, or privileges of employment, because of the individual's . . . age forty (4) and over . . . ." Back can prove his claim either through direct evidence of discrimination or through an indirect method of proof. Back has failed to present a genuine issue of material fact utilizing either method of proof.

### A. Direct Evidence of Discrimination

Back supports his claim of discrimination with an affidavit by James Hagerman, in which Hagerman states that "Tim Shelburne told me that he had been told by higher management that they were planning to get rid of the three oldest employees and highest paid team leaders." [Resp. Mot. Summ. J., Ex. 4, Record No. 23.] Back argues that this statement not hearsay because it is the statement of a party-opponent under Fed. R. Evid. 801(d)(2)(D). That rule states that a statement is not hearsay if it is "offered against a party and is . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment,

made during the existence of the relationship." Fed. R. Evid. 801(d)(2)(D).

Nestlé argues that Rule 801(d)(2) does not apply because Shelburne was not in a management position, was not authorized to make any such statement on behalf of Nestlé, and that as a "trainer," human resource decisions were not a "matter within the of the agency or employment." Nestlé asserted that Shelburne held the position of "trainer" in its concise statement of material facts, to which Back did not respond in opposition. Assuming, however, that the Court did accept Back's categorization of Shelburne's employment status as that of manager or acting human resources director, this statement would still fail to satisfy the 801(d)(2) exception.

> According to 801(d)(2)(D), "a statement is not hearsay if ... [it] is offered against a party and is ... a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." For the statements to have been "within the scope of [their] agency," and hence admissible nonhearsay, the declarants must have been "involv[ed] in the decision to discharge [plaintiff]."

*Valecko v. Sterling, Inc.*, 1996 WL 205592, *3 (11th Cir. 1996)(quoting *Hill v. Spiegel, Inc.*, 708 F.2d 233, 237 (6th Cir. 1983). The Court in *Hill* stated:

> since there was no evidence that [declarants] had any involvement in the decision to discharge [the plaintiff], there was no basis for finding that the statements of these declarants concerned 'a matter within the scope of [their] agency.' . . . it is not necessary to show that the declarant had authority to make the statement. But

5

> it is necessary . . . to support admissibility, that the content of the declarant's statement concerned a matter within the scope of his agency.").

*Hill v. Spiegel, Inc.*, 708 F.2d 233, 237 (6th Cir. 1983). It is undisputed that Shelburne's employment with Nestlé terminated a little over two years prior to Back's termination. [Def's. statement of undisputed material facts ¶ 35, Record No. 22; Mem. Supp. Mot. Summ. J., Ex. 5 ¶ 5, Record No. 21; Resp. Mot. Summ. J., Ex. 1, Back Dep. 20-21, 69, Record No. 23 (Back blamed Robert Vernon and Dave Lighthiser for his termination and was "not sure" when the conversation with Shelburne occurred)]. Back has offered no proof that Shelburne was involved in Back's termination. Back has not even alleged that Shelburne was involved in his termination decision. Thus, pursuant to the Sixth Circuit's holdings in *Valecko* and *Hill*, Back cannot introduce Shelburne's statements as an admission of a party-opponent. The statement is otherwise inadmissible hearsay which cannot be considered at the summary judgment stage. *See Wiley v. U.S.*, 20 F.3d 222, 226 (6th Cir. 1994) ("hearsay evidence cannot be considered on a motion for summary judgment").

Back further argues that the statement should be admissible pursuant to *Layman v. Ben Snyder, Inc.*, 305 S.W.2d 319, 322 (Ky. 1957), which states:

> It is a well-recognized general rule that the admissions and representations of the officers or agents of a corporation, made during the transaction of the business entrusted to them or within the actual or apparent scope

> of their authority, may be introduced as evidence against the corporation. However, in order to render such statements and representations competent, they must have been made while the officer or agent was acting for the corporation within the scope or apparent scope of his authority.

*Layman v. Ben Snyder, Inc.*, 305 S.W.2d 319, 322 (Ky. 1957).

This argument is flawed on procedural and substantive grounds. The argument is procedurally flawed because, "[i]n a diversity action, the admissibility of evidence is governed by the Federal Rules of Evidence[,]" not state law. *Laney v. Celotex Corp.*, 901 F.2d 1391, 1320 (6th Cir. 1990). Ignoring the procedural problem, Back's argument is substantively flawed because Back asserts that Nestlé fired Shelburne as a result of his statement that Nestlé planned to terminate the oldest employees. [Resp. Mot. Summ. J. 21, Record No. 23.] Regardless of whether the Shelburne's statement was true, it is illogical for Back to argue that Shelburne was "acting for the corporation within the scope" of his authority when he allegedly told two employees that they were slated to be fired for discriminatory reasons, and to argue that he was subsequently fired for making that statement. Thus, the undersigned finds that on both procedural and substantive grounds, Shelburne's statement is not admissible pursuant to *Laney*.

    **B.    The *McDonnell* Burden-Shifting Analysis**

Back argues that he has also supported his KRS § 344.040(1) claim with circumstantial evidence, which satisfies the burden-analysis in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

7

Pursuant to *McDonnell*, Back must establish a prima facie case of discrimination, and once established, Nestlé must rebut the claim of discrimination by articulating a legitimate, nondiscriminatory reason for Back's termination. *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802-3. If Nestlé satisfies its burden of presenting a legitimate, nondiscriminatory reason for Back's termination, Back must present evidence that Nestlé's reason is merely pretext. *McDonnell Douglas Corp. v. Green*, 411 U.S. at 804.

Nestlé concedes that Back can likely sustain a prima facie case of age discrimination. [Mem. in Supp. Mot. Summ. J. 5, Record No. 21.] Nestlé offers considerable evidence of legitimate, documented, non-discriminatory reasons for Back's termination, namely, unsatisfactory job performance. [Def's. statement of undisputed material facts ¶ 17-34, Record No. 22.] Thus, the burden of production shifts to Back to show that Nestlé's reasons for terminating him were pretextual. *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 394 (6th Cir. 2008). To prove pretext, Back must show that the termination reason (i) had no basis in fact, (ii) did not actually motivate the termination decision, or (iii) was insufficient to motivate the termination decision. *Schoonmaker v. Spartan Graphics Leasing*, LLC, 595 F.3d 261, 268 (6th Cir. 2010).

Back's theory of the case is that once Shelburne revealed Nestlé's plan to fire their oldest employees, Nestlé was forced to

document "the relatively few . . . minor events" and create "erroneous" or unreasonable "write-ups" to support Back's termination two years later. [Resp. Mot. Summ. J. 19, Record No. 23.] Back's assertions rest entirely on Shelburne's statement that Nestlé planned to terminate their oldest employees. As set forth above, Shelburne's statement is inadmissible. Without Shelburne's statement for support of his pretext argument, Back's theory of the case falls apart. Back cannot show pretext based solely on his assertions that the "write-ups" of his unsatisfactory performance should be regarded as "minor." Back argues that the disciplinary warnings which preceded his termination were not based in fact, because Back believed he was being blamed for problems in the plant unrelated to his job duties. Back claimed he was assigned to line seven in the processing plant, but that his disciplinary warning related to other areas of the plant. Back, however, admitted in his deposition that he only worked on line seven, his assigned line, approximately ten percent of the time, but was "responsible for everything" else in the plant. [Back Dep. 94-96, Record No. 23.] Thus, Back has not shown that the events leading to his dismissal, well documented in the record, have no basis in fact.

Back relies solely upon Shelburne's inadmissible statement to show that Nestlé's proffered, nondiscriminatory reason for terminating him did not actually motivate the termination. Back does not offer any admissible evidence to support this argument.

9

Finally, Back argues in one paragraph that there is a genuine issue of material fact as to whether Nestlé's nondiscriminatory reasons for termination were sufficient to warrant firing him. He refers to the events leading up to his termination as "minor" or "not [his] responsibility." [Resp. Mot. Summ. J. 20, Record No. 23.] Nestlé, however, provided ample documentation of examples of Back failing to meet expectations in supervising his subordinates and failing to get line seven up and running in a timely manner after a plant explosion. Back admitted in his deposition that he was "responsible for everything" and that line seven was the last line to begin running again after the plant explosion, even though it was not the most heavily damaged processing line. [Back Dep. 170-77, Record No. 23.] Back's own admissions support Nestlé's reasons for termination. Thus, Back has not satisfied his burden of proving that Nestlé's reasons for terminating him were mere pretext.

**IV. CONCLUSION**

Accordingly, and for the reasons stated herein, **IT IS ORDERED** that Nestlé's motion for summary judgment [Record No. 20] be, and the same hereby is, **GRANTED**, and all other pending motions are **DENIED AS MOOT**.

This the 13th day of August, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge